| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br> Ariel Barel <br> 114 Warbler Drive <br> Wayne, New Jersey 07470 <br> (973) 460-4444 - Phone <br> abar4444@gmail.com | U.S. BANKRUPTCY COURT <br> FILED <br> 2019 FEB 22 P 2:52 <br> JEANNE A. NAUGHTON <br> BY /s/ <br> DEPUTY CLERK |
| In Re: <br><br> ARIEL BAREL | Case No.: 19-11416 - JKS <br> Chapter: 7 <br> Hearing Date: 03/19/2019 @ 10:00AM <br> Judge: Hon. John K. Sherwood |

## CERTIFICATION IN SUPPORT OF MOTION

Ariel Barel, moves the Court to issue an order reopening his Chapter 7 case because the dismissal occurred due the clerk's inadvertent error by misplacing and as result failing to file into the docket the schedules filed by Ariel Barel on February 6, 2019. This Motion is brought pursuant to Section 350(b) of the Bankruptcy Code.

### BACKGROUND

*Pertinent Case Background:*

1. On January 23, 2019, Barel filed the within petition under Chapter 7 of Title 11 of the United States Code. (Docket No. 1)

2. At the time of filing Barel was told by the clerk that he has fourteen days to complete the filing of the schedules.

3. Surprisingly, on the same day of January 23, 2019, the court issued an Order to Show Cause Why Case Should Not be Dismissed for re: Failure to File Missing Documents and the court set a deadline for filing the schedules on or before February 6, 2019.

4. On February 6, 2019, Barel has filed the schedules with the clerk of the bankruptcy court. Upon leaving the courthouse, Barel also called the chambers and spoke to judicial clerk Zelda Haywood. Barel informed Ms. Haywood that he affected the filing of the schedules as required that day. Ms. Haywood informed Barel that the Order to Show Cause will "go away".

5. On February 15, 2019, Barel as required appeared at the 341(a) creditors meeting with Trustee David Wolff, at which time Mr. Wolff informed Barel to his surprise that the case was dismissed on February 11, 2019, Doc. 14, for failure to file the schedules. Barel has shown the copy of the stamped by the clerk schedules to Mr. Wolff as a proof that the schedules were filed, at which time Mr. Wolff suggested to address the issue with the clerk of the court.

6. Barel immediately went to the clerk's office to inquire why the schedules were not filed in the case. The clerk at the front desk confirmed, after checking the docket, that there was no filing done on February 6, 2109, at all. Barel was told that not only the schedules were not filed but that the original entire filing was lost.

7. Barel presented a copy of the stamped by the court filing of which the clerk made a copy and advised Barel that it would be filed that afternoon and the case would be reinstated.

8. The fact that the entire original filing was lost by the clerk's office and was never filed on February 6, 2019, is confirmed by the docket number which depicts Doc.# 17, and although the date indicates February 6, 2019 filing, it was inserted into the docket as February 6, 2019 filing by the clerk's office on February 15, 2019, after the clerks made a copy of the filing that day.

9.  The sequential numbering of documents filed in the case docket show that Doc. #16, was filed on February 13, 2019 and Doc. #17 filed on February 6, 2019.

10. Barel does not comprehends why the court issued the order to show cause on the same day the case was filed and thereafter dismissed the case pursuant to the Order to Show cause, Barel feels the Order to Show cause under the circumstances is a drastic sanction for anyone let alone an unrepresented filer who never showed any abuse of bankruptcy process by bad faith filings or otherwise, to be issued at an inception of the bankruptcy case.

11. After affecting the filing of the lost schedules on February 15, 2019, the clerk's office called Barel and informed him that he must file a motion to reopen the case because there are still two documents that are missing from the schedules, Forms 106Sum and 107. It appears that on February 15, 2019, Barel did not have the two documents with him when he gave the clerk his stamped copy of the filing to have it copied.

12. The two missing schedules are attached to the motion.

**LEGAL ARGUMENT**

13. Pursuant to Bankruptcy Rule 1007(c)

"(c) TIME LIMITS. In a voluntary case, the schedules, statements, and other documents required by subdivision (b)(1), (4), (5), and (6) shall be filed with the petition **or within 14 days thereafter,**" [emphases added]

14. Motions to reopen case should be routinely granted in order to accord relief to debtor. In re Dodge, Bkrtcy.E.D.Cal.1992, 138 B.R. 602.

15. Debtors act in good faith in filing for bankruptcy relief when they comply with their statutory duties by appearing at meeting of creditors, by paying required filing fees, and by filing statement of financial affairs and schedules. Bankr.Code, 11 U.S.C.A. §§ 343, 521; Fed.Rules Bankr.Proc.Rules 1006, 1007, 11 U.S.C.A.

16. Barel has appeared at the meeting of the creditors, paid the required filing fees in full yet to no fault of his own ended up having his case dismissed and being required to file the instant motion to reopen the case.

17. The Order to Show Cause is a severe remedy. The issuance of an Order to Show cause on January 23, 2019 was premature and a harsh threat of unnecessary punishment for when no violation has occurred, when it was issued by the court on the same day of the initial filing of the case.

18. Pursuant to the rules of court Barel had 14 days to complete the filing of the schedules and did so timely.

19. The loss of the filing by the clerk's office prejudiced Barel, however it should not penalize him.

## CONCLUSION

Based on the foregoing Ariel Barel, respectfully requests that the Motion be Granted.

Date: February 22, 2019

*[signature]*
Ariel Barel
114 Warbler Drive
Wayne, New Jersey
973-460-4444
abar4444@gmail.com